# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| STORHM MICHAEL HENRY, | |
| Plaintiff, | No. 15-CV-32-LRR |
| vs. | **ORDER** |
| DOUBLETREE MANAGEMENT LLC, | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court are Plaintiff Storhm Michael Henry's "Amended Motion for Default Judgment" ("Motion") (docket no. 19) and Defendant Doubletree Management LLC's ("Doubletree") "Request for Judicial Notice and Correction of Clerical Mistake" ("Request") (docket no. 20).

## II. PROCEDURAL HISTORY

On April 10, 2015, the instant action was removed to this court. *See* Notice of Removal (docket no. 2). A copy of the Petition was attached to the Notice of Removal. *See* Exhibit A (docket no. 2-1). However, no other pleadings were attached. On March 24, 2016, Henry filed the Motion. On April 4, 2016, Doubletree filed the Request. On April 11, 2016, Doubletree filed a Resistance to the Motion (docket no. 22). On April 19, 2016, Henry filed a Resistance to the Request (docket no. 23). On April 20, 2016, Henry filed a Reply to the Motion (docket no. 25).[1]

---

[1] Henry also filed a response (docket no. 24) that is listed as being filed in error because it is a duplicate of the Resistance to the Request. However, the Reply to the Motion appears to be the same document as the erroneous response, and is also nearly identical to the Resistance to the Request. The only difference between the Resistance to

## III. ANALYSIS

In the Motion, Henry states that Doubletree failed to file an answer with the court and failed to attach the answer to the Notice of Removal (docket no. 2), in violation of Local Rule 81.  *See* LR 81(a)(1) ("When a civil case is removed to this court from a state court, along with the notice of removal and the proper filing fee, the removing party also must file under the same docket entry as the notice of removal . . . [c]opies of all process, pleadings, and orders filed in the state case . . . ."). Henry argues that he is entitled to default judgment pursuant to Federal Rule of Civil Procedure 55(a) based on Doubletree's "failure to defend." Motion at 1.

Doubletree argues that it is not in default because it filed a timely answer in state court and that its failure to attach the answer to the Notice of Removal was merely a clerical error. *See* Resistance at 2. Doubletree also argues that Henry has failed to request default entry prior to seeking default judgment and that the Motion should be denied on that ground as well. *See id.* at 4. Henry does not argue that Doubletree's answer in state court was untimely or defective in any way.

In the Request, Doubletree asks that the court deny the Motion and take judicial notice of its answer, which is attached to the Request. *See* Exhibit 1 (docket no. 20-1). Doubletree states that the answer was filed in state court and served upon Henry on April 6, 2015. *See* Request at 1; Exhibit 1 at 1; Exhibit 3 (docket no. 20-3) at 1. Doubletree admits that it failed to attach the answer to its Notice of Removal "[d]ue to a clerical mistake." *See* Request at 2; Notice of Removal. Doubletree argues default judgment would be inappropriate because the parties have been litigating this matter for nearly a year

---

the Request and the Reply to the Motion is the final paragraph of the Reply to the Motion. *Compare* Resistance to the Request, *with* Reply to the Motion. Furthermore, the court notes that the final two paragraphs of the Resistance to the Request are identical to the Brief in Support of the Motion (docket no. 19-1).

2

and Henry was not prejudiced by Doubletree's mistake. Doubletree requests that the court enter an order permitting it "to correct its clerical mistake" by supplementing Exhibit A of the Notice of Removal, pursuant to Federal Rule of Civil Procedure 60(a). Brief in Support of the Request (docket no. 21) at 5.

Although default judgment is generally appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," that is not the scenario in the instant action. Fed. R. Civ. P. 55(a). Doubletree filed its answer in state court on April 6, 2015 and Henry was served with that pleading. Nevertheless, by mistakenly omitting its answer when removing this action, Doubletree failed to comply with the Local Rules.

Henry argues that Doubletree's delay in seeking to amend the Notice of Removal, which was filed more than a year ago, should be dispositive. However, the court notes that Henry himself did not request default judgment until more than a year after Doubletree's alleged failure to file an answer, which may have provided a basis for a motion to remand. *See* 28 U.S.C. § 1447(c) (giving a party thirty days to file a motion to remand on the basis of a defect in removal other than lack of subject matter jurisdiction). Furthermore, Doubletree has not "failed to plead or otherwise defend," but merely failed to properly file the state court pleading with the court upon removal. *See* Fed. R. Civ. P. 55(a).

The parties have proceeded with this case as if an answer was on file. *See generally* Motion for Extension of Time (docket no. 13); Resistance to Motion for Extension of Time (docket no. 16). Therefore, the court finds that Doubletree did not fail to defend this case. Rather, Doubletree's failure to attach the answer was akin to a clerical mistake. *See Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968) (finding a clerical mistake where the clerk of court failed to enter the amended complaint on the docket and noting that "[r]elief may

be had from the clerical mistakes of the court, clerk, jury or party" (quoting 6A Moore's Federal Practice, par. 60.06(3), p. 4044 (2d Ed. 1966)) (quotation marks omitted)); *see also Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1538-39 (8th Cir. 1996) ("Rule 60(a) . . . may also be used to correct mistakes by the parties. Where the parties intentions are clearly defined and 'all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.'" (quoting *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504-05 (5th Cir. 1994)) (citation omitted)).

Even if Doubletree's error is not exactly clerical in nature, it does not justify a grant of default entry or judgment. Although the court does not condone such mistakes, this category of error does not rise to the level warranting default entry or judgment under Rule 55. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998) (setting aside a default entry where the defendant failed to timely file an answer because the defendant "was guilty of only a marginal failure," did not intentionally delay proceedings and the plaintiff was not prejudiced). Here, there is no default entry on file,[2] and Henry will not suffer any prejudice if Doubletree is permitted to amend the Notice of Removal, since Henry was served with the answer more than a year ago. *See* Exhibit 3 at 1. Therefore, the court shall deny the Motion and grant the Request.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 19) is **DENIED**. The Request (docket no. 20) is **GRANTED**. Doubletree may amend the Notice of Removal to include

---

[2] Henry states that the "[M]otion specifically asks the court to enter an order finding Defendant in default" and to set a hearing on damages. Reply at 3. However, Henry has not filed a motion for default entry pursuant to Federal Rule of Civil Procedure 55(a). *See Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951-52 (N.D. Iowa 2011) (setting forth the mechanics for filing a motion for default entry and, subsequently, a motion for default judgment). This is yet another reason why default judgment would be inappropriate in the instant action.

4

a copy of the answer that was filed in state court.

**IT IS SO ORDERED.**

**DATED** this 21st day of April, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA