# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| STORHM MICHAEL HENRY, | |
| Plaintiff, | No. 15-CV-32-LRR |
| vs. | **ORDER** |
| DOUBLETREE MANAGEMENT LLC, | |
| Defendant. | |

The matters before the court are Plaintiff Storhm Michael Henry's "Motion for Leave to Amend Petition" ("Motion to Amend") (docket no. 33) and Defendant Doubletree Management LLC's ("Doubletree") "Motion to Strike Amended Petition" ("Motion to Strike") (docket no. 34), both of which were filed on June 16, 2016. On July 5, 2016, Doubletree filed a Resistance to the Motion to Amend (docket no. 36).

On June 6, 2016, Henry filed an Amended Complaint (docket no. 30). In the Motion to Strike, Doubletree argues that the court should strike the Amended Complaint because Henry did not request Doubletree's written permission nor leave of court to file such amendment. *See* Motion to Strike at 2. Doubletree also notes that it "does not consent to amendment of the [Complaint] at this late stage in the case . . . ." *Id*. Federal Rule of Civil Procedure 15 dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). Because Henry failed to obtain Doubletree's written consent and did not request leave of court to amend prior to filing the Amended Complaint, the court shall grant the Motion to

Strike.[1]

In the Motion to Amend, Henry requests leave to file an amended complaint. Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its complaint with leave of court and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "plaintiffs do not have an absolute or automatic right to amend." *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). "[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006)) (quotation marks omitted). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *see also Fruit v. Chapman*, 2016 WL 2918025, at *2-3 (N.D. Iowa May 18, 2016) (denying a motion to amend a complaint for failure to show good cause for amending the scheduling order).

Henry states that his proposed amended complaint "maintains the same allegations against the same Defendant, but accounts for a factual development that has occurred since the time of the filing of the original [Complaint]." *See* Motion to Amend at 1. Henry seeks to add to the Complaint (docket no. 3) the fact that he "was raised by members of the Sac & Fox Tribe of the Mississippi in Iowa, otherwise known as the Meskwaki Nation." *Id.* Henry also seeks leave to amend "to simply clarify that Count II also includes retaliation as well as wrongful termination." *Id.* Henry argues that the court

---

[1] Doubletree requests that the court order Henry to pay Doubletree's attorney's fees that were incurred as a result of the Motion to Strike. *See* Motion to Strike at 2. However, the court declines to do so. Accordingly, the parties are directed to bear their own costs in relation to the Motion to Amend and the Motion to Strike.

should grant him leave to amend because Doubletree has known about this factual allegation for many months and will not be prejudiced by the amendment. *Id*. Doubletree argues that it would be prejudiced by the amendment because discovery has closed and it has already submitted its summary judgment motion. Resistance at 5. Doubletree states that, if Henry is permitted to amend the Complaint, it "would likely need to serve new written discovery, depose [Henry] a second time, submit a new Motion for Summary Judgment and seek a continuance of trial." *Id*.

The deadline to amend pleadings was October 7, 2015. *See* Scheduling Order (docket no. 6). The deposition in which the "factual development" occurred took place on November 20, 2015. *See* Motion to Amend at 1. The deadline for filing dispositive motions was May 16, 2016. *See* Scheduling Order at 1; Doubletree Motion for Summary Judgment (docket no. 28). On June 6, 2016, Henry filed the Amended Complaint without requesting leave of court. On that same date, Henry filed the Resistance to Doubletree's Motion for Summary Judgement (docket no. 31). Finally, two weeks later, on June 16, 2016, Henry filed the Motion to Amend.

Henry has not demonstrated good cause for modifying the Scheduling Order, nor has he attempted to explain the delay in requesting leave to amend. Henry argues that Doubletree would not be prejudiced by the court permitting him to amend the Complaint. However, Doubletree has already filed a summary judgment motion based on the allegations in the Complaint and trial is currently set to begin on September 26, 2016. To permit Henry to add facts and a retaliation claim at this time would result in prejudice to Doubletree. Therefore, because Henry has not demonstrated good cause for modifying the Scheduling Order, the facts prompting Henry's request were discussed at a deposition that took place nearly seven months prior to the filing of the Motion to Amend and because Doubletree would suffer prejudice if the amendment were permitted at this late stage, the

3

court shall deny the Motion to Amend.

In light of the foregoing, the Motion to Amend (docket no. 33) is **DENIED** and the Motion to Strike (docket no. 34) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED** this 6th day of July, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA